

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 6, 1972

Honorable J. C. Dingwall
State Highway Engineer
Texas Highway Department
Austin, Texas 78701

Opinion No. M- 1144

Re: Affidavits for payment of
claims against the State
Highway Fund.

Dear Mr. Dingwall:

Your request for an opinion asks the following questions:

"1.  Does Article 6252-5 Section 2 (a) (VCS)
supersede the provisions of Article 6694 (VCS)
insofar as the requirements for affidavits for
claims to the State Highway Fund are concerned?

"2.  If your answer to question 1. is in
the affirmative, then can the affidavit require-
ment for claims be satisfied through the execution
of the affidavit by a representative of this De-
partment for each voucher presented to the State
Comptroller of Accounts for payment from the State
Highway Fund where one voucher may be comprised
of more than one invoice, statement or other
claims?

"3.  If your answer to question 2. is in
the affirmative, then can vendors and other
claimants for claims against the State Highway
Fund be relieved from executing affidavits for
each invoice, statement or claim in conformance
with existing laws such as the present House Bill
1190, Acts 62nd Legislature and Article 4357 (VCS)?"

You state in your request:

"Over the past years this Department has complied with the provisions of Articles 655 and 4357, Vernon's Civil Statutes and later amendments concerning the requirements of affidavits and/or certifications applying to vendor invoices and other claims against the State Highway Fund. Presently we are accepting vendor invoices and other individual claims without affidavits or certifications in accordance with House Bill 1190, Acts 62nd Legislature R.S. 1971 insofar as Board of Control approvals are concerned. Additionally all other invoices and claims submitted directly to the State Comptroller of Public Accounts are accepted with only certifications in accordance with the provisions of Article 4357 (VCS), 1967 amendment. To our knowledge these requirements did apply to all State Departments and Agencies.

"After issuance of Opinion Number M-934 dated August 16, 1971, the State Comptroller has informed us that he could no longer accept vendor invoices or claims without individual affidavits being affixed where payments are to be made from the State Highway Fund whether they be approved by the Board of Control or not. He has stated that the provisions of Article 6694 (VCS) should be included with the reference in your Opinion M-934 to the exceptions caused by Articles 6145-8 (Section 4D) and 4386C (VCS). He evidently does not consider Article 6252-5 Section 2 (a) (VCS) as having an application in the matter. As a matter of information, this new affidavit requirement imposed by the State Comptroller would severely inconvenience several thousand vendors and other claimants nationwide in presenting their claims for payment through the State Highway Fund."

In Attorney General's Opinion M-934 (1971) it was held:

"House Bill 1190, Acts 62nd Legislature, R.S. 1971, amends Article 4357, and thereby eliminates the requirements for a certification on the invoices by the contractors or sellers of all contracts and purchases governed by the provisions of Article 655, V.C.S. All other requirements set out in Articles 4357, 657, 658 and such Articles as 6145-8 (Section 4D) and 4386c, V.C.S., must be followed in all invoices prior to presentation for payment."

Section 2(a) of Article 6252-5, Vernon's Civil Statutes, provides:

"By appropriate order, duly recorded in its official minutes, the State Highway Commission may delegate to some employee or employees of the State Highway Department the authority and duty to approve and sign vouchers for expenditures from the State Highway Fund provided same have been verified by affidavit as required by law; likewise the State Highway Commission may delegate to some employee or employees of the State Highway Department the authority and duty to approve and sign contracts, agreements, and other documents; provided that the purpose and effect of any such voucher or other document shall be to activate and/or carry out the orders, established policies, or work programs theretofore approved and authorized by the State Highway Commission. Each order of the State Highway Commission thus delegating said authority to an employee shall include the limitations herein provided. The State Highway Commission may require any employee exercising the powers provided for in this Act to execute a bond,

payable to the State, in such sum as the Commission
may deem necessary, to be approved by the Commission,
and conditioned upon the faithful performance of his
duties.  The premium on such bond shall be paid from
the State Highway Fund."   (Emphasis added.)

Subdivision (a) of Article 4357, Vernon's Civil Statutes,
provides in part:

"No warrant shall be prepared except on presenta-
tion to the warrant clerk of a properly audited claim,
certified to its correctness, the proper auditing of
which claim shall be evidenced by the initials written
thereon by the person auditing same; and such claim so
certified and audited shall be sufficient and the only
authority for the preparation of a warrant or warrants.
. . ."

In construing the above quoted provisions of Article 4357,
the Attorney General thus held that the receiving agency for the
State would have the burden of complying with the above require-
ments of verification.  Therefore, whenever authorized personnel
of the Highway Department verify the claims against the State
Highway Fund in compliance with the provisions of Article 4357,
Vernon's Civil Statutes, such claims have been verified as
required by law within the meaning of Article 6252-5, above quoted.

Article 6694, Vernon's Civil Statutes, enacted in 1917,
provides:

"All funds coming into the hands of the Com-
mission derived from the registration fees or other
sources provided for in this subdivision, as col-
lected, shall be deposited with the State Treasurer
to the credit of a special fund designated as 'The
State Highway Fund,' and shall be paid only on
warrants issued by the Comptroller upon vouchers

> drawn by the chairman of the Commission and ap-
> proved by one other member thereof, <u>such vouchers
> to be accompanied by itemized sworn statements of
> the expenditures.</u>"    (Emphasis added.)

The above quoted provisions of Article 6694 give the Highway Department supervision over expenditures of Highway funds. <u>Smith v. Jacksboro Stone Products Company</u>, 53 S.W.2d 780 (Tex. Comm.App. 1932).

It is noted that the provisions of Article 6694 do not state who is to sign the "sworn statements of the expenditures". We therefore see no conflict in the provisions of Articles 6694, 6252-5 and 4357, Vernon's Civil Statutes.  If authorized personnel of the State Highway Department, having knowledge of the claims against the Highway Fund, verify the account, the provisions of Articles 6694, 6252-5 and 4357 will have been complied with.

Your questions are accordingly answered as follows:

(1) There is no conflict in the provisions of Articles 6694 and 6252-5, Section 2(a), Vernon's Civil Statutes.

(2) The requirements of Articles 6694 and 6252-5 may be satisfied through the execution of an affidavit by authorized personnel of the Highway Department and the affidavit may be comprised of more than one invoice statement or other claim.

(3) In the event the invoice statement or claim is verified by authorized personnel of the Highway Department, it is not necessary for the vendor or claimant to also verify the claim.

S U M M A R Y

The requirements concerning verification of claims against the State Highway Fund under Articles 4357, 6252-5 and 6694, V.C.S., are satisfied whenever authorized personnel of the State Highway Department verify the claims against the State Highway Fund.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roger Tyler
Harold Kennedy
Jack Sparks
Fisher Tyler

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant